IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA          :      CRIMINAL ACTION
                                  :
          v.                      :
                                  :
PHILLIP McDUFFIE                  :      NO. 05-672


                              MEMORANDUM

Bartle, C.J.                                          November 13, 2007

          On November 29, 2005, defendant Phillip McDuffie was charged with a two count indictment.  Count I charged defendant with one count of possession to distribute cocaine base, in violation of 12 U.S.C. § 841(a)(1),(b)(1)(c).  Count II charged defendant with one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On March 17, 2006, the defendant entered a guilty plea as to Count Two, pursuant to a plea agreement with the government.[1]  The plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed-upon sentence of 102 months imprisonment.  The court accepted the agreement and sentenced him to incarceration of 102 months on August 1, 2006.

          Defendant has timely filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The

---

1. As part of the plea agreement the government agreed to dismiss Count One of the indictment at sentencing.  Guilty Plea Agreement ¶ 5(a).

government now seeks to dismiss defendant's habeas corpus petition on the ground that, in his plea agreement, defendant waived the right collaterally to attack his sentence.

Paragraph 10 of defendant's plea agreement provides that:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 19 U.S.C. § 3742, 28 U.S.C.§ 1291, 28 U.S.C. § 2255, or any other provision of law.

Although subsections to this paragraph permitted defendant to take a direct appeal in very limited circumstances not relevant here, there was no qualification of his waiver of his right to attack his sentence collaterally under 28 U.S.C. § 2255.

During an extensive plea colloquy, the court reviewed the plea agreement and asked the government's attorney to read into the record its salient portions, including the above waiver of rights to appeal or collaterally attack defendant's sentence. Change-Of-Plea Hr'g Tr., March 17, 2006, at 11:16-12:11.  The court also queried defendant regarding the plea agreement and the accompanying acknowledgment of rights.  Defendant, who was under oath, informed the court that he had ample opportunity to discuss the plea agreement with his counsel and was satisfied with counsel's representation of him.  Id. at 5:9-14.  Defendant also stated, in response to the court's questions, that he had signed

the plea agreement and acknowledgment of rights, read and understood them, and that he had gone over them with counsel. Id. at 16:16-17:23.  In particular, the court asked defendant:

> Q:  Do you understand that if you plead guilty and I sentence you in accordance with the guilty plea agreement, you will be giving up certain rights of appeal?
>
> A:  Yes, your Honor.

Id. at 21:25-22:3.  After further questioning, the court found that defendant entered the plea knowingly and voluntarily.  Id. at 28:23-29:6.[2]

Our Court of Appeals has made it clear that "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice."  United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001).  Such waivers extend even to meritorious claims or blatant error.  Id. at 561-62.  In an unpublished opinion, the Court of Appeals applied the reasoning in Khattak to a defendant's waiver of his right collaterally to attack his conviction and sentence.  U.S. v. Perry, 142 Fed. Appx. 610, 611 (3d Cir. 2005).  There, the court stated that:

---

2. On July 5, 2007, nearly four months after entering his guilty plea, defendant filed a motion to withdraw that plea with this court. Defendant withdrew that motion during his sentencing hearing, after ample occasion to consult with counsel as well as the opportunity to address the court regarding the basis for the motion. Sentencing Tr., Aug. 1, 2006, at 26:25-27:3.  On this occasion, the court noted that defendant's motion to withdraw his plea, despite the defendant's representations at the plea hearing itself, amounted to "playing fast and loose with the Court."  Id. at 12:5-6.

> As part of his plea agreement, Perry expressly waived the right to file a collateral attack upon his conviction and sentence. Furthermore, as the District Court found, there is no basis in the record to question the validity or applicability of that waiver. Because the denial of Perry's 'Rule 60(b) motion' was clearly proper in light of the waiver, this appeal presents 'no substantial question.'

Id. at 612.

The Court of Appeals in Khattak explained that under the Federal Rules of Criminal Procedure the district court has certain responsibilities in ensuring that the defendant made the plea knowingly and voluntarily. Khattak, 273 F.3d at 563. Specifically, Rule 11 of the Federal Rules of Criminal Procedure requires that:

> (b) Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> ...
>
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

As stated above, this court conducted an extensive colloquy, which included the subject of defendant's waiver of his rights to collaterally attack his sentence, and found his decision to plead guilty to be knowing and voluntary. Thus, defendant's waiver will bar his pending motion under § 2255, unless that waiver amounts to a "miscarriage of justice." Khattak, 273 F.3d at 558.

The Court of Appeals in Khattak did not supply a definitive list of situations which amount to a miscarriage of justice.  Instead, the court envisioned that a reviewing court would conduct a case-by-case evaluation of a defendant's waiver, considering the following non-exclusive list of factors:

> [T]he clarity of the [alleged sentencing] error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Id. at 563.  The Court noted that a miscarriage of justice would only occur in an "unusual circumstance," such as if the sentence imposed on the defendant was in excess of the maximum penalty provided by law or was based on a constitutionally impermissible factor such as race.  Id. at 562, citing United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000).  Under the facts of the present case, we are convinced that defendant's sentence does not present any unusual circumstance.  The 102 month sentence defendant received was not only one within a contemplated range of possible sentences, but it was, in fact, the exact sentence agreed to by the parties.  Further, this sentence was not constitutionally defective in any way and does not represent a miscarriage of justice.

Accordingly, we will grant the motion of the government to dismiss defendant's petition under 28 U.S.C. § 2255.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| PHILLIP McDUFFIE | : | NO. 05-672 |

ORDER

AND NOW, this 13th day of November, 2007, for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that the motion of the government to dismiss the petition filed by the defendant under 28 U.S.C. § 2255 is GRANTED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.