```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
            v.                  :
                                :
PHILLIP McDUFFIE                :       NO. 05-672
```

ORDER

AND NOW, this 15th day of May, 2008, it is hereby ORDERED that the motion of defendant Phillip McDuffie for "modification of currently imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive amendment U.S.S.G. § 1B1.10 (706)" is DENIED.

_____

Defendant Phillip McDuffie seeks a reduction in his sentence based on the Sentencing Commission's recent retroactive adoption of Amendment 706, which amended § 2D1.1 of the Sentencing Guidelines to reduce the offense levels applied to many offenses involving cocaine base.  Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).

On November 29, 2005, McDuffie was charged with a two count indictment.  Count I charged him with one count of possession to distribute cocaine base, in violation of 12 U.S.C. § 841(a)(1) and (b)(1)(c).  Count II charged him with one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On March 17, 2006, McDuffie entered a guilty plea as to Count Two pursuant to a plea agreement with the government describing an agreed-upon sentence of 102 months imprisonment.  The court accepted the agreement, dismissed Count I of the indictment, and sentenced McDuffie to incarceration of 102 months on August 1, 2006.

Because McDuffie was not convicted of the crack cocaine charge in Count I, he was not sentenced under § 2D1.1 of the Sentencing Guidelines, the only section affected by Amendment 706.  It is therefore apparent that McDuffie was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."

Accordingly, we are denying defendant's motion.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.